**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**NARY MARTIN**                                                                                               **PLAINTIFF**

**v.**                                                     **CIVIL CASE NO.: 4:20-cv-38-DMB-JMV**

**ANDREW SAUL
COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

**<u>FINAL JUDGMENT</u>**

      This cause is before the Court on Plaintiff's complaint brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the partially favorable final decision of the Defendant, Andrew M. Saul, Commissioner of Social Security (Commissioner), concerning Martin's claims for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (Act). 42 U.S.C. §§ 423(d), 1382(c). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

      Consistent with the Court's ruling from the bench during a hearing held today, the Commissioner's residual functional capacity ("RFC") determination is supported by substantial evidence in the record, and the Administrative Law Judge ("ALJ") committed no legal error is declining to order a second consultive medical exam.

**The RFC**

First, as the Commissioner points out, in arriving at the RFC, the ALJ discussed the medical evidence to which Martin points in support of his appeal. For ex, the ALJ explained that while Martin contends that the evidence establishes, he cannot stand and/or walk "approximately 6 hours of an 8-hour workday," as the full range of light work requires, no physician has so opined. To the contrary, State agency physician, Louis Saddler, M.D., specifically concluded Martin could "stand and/or walk (with normal breaks) for a total of [a]bout 6 hours in an 8-hour workday." In addition, the ALJ explained that the objective medical evidence arising after Martin's consultative examination and Dr. Saddler's evaluation of the file is consistent with Dr. Saddler's opinion, and Martin's subjective complaints to the contrary are not supported by the record evidence. Physical examinations, for example, performed in October 2017, December 2017, and February 2018 revealed no back tenderness and showed that Martin had normal range of motion and full motor strength in his extremities.

Secondly, while Martin complains that breathing problems would restrict him to less than a full range of light work, at his consultative examination in January 2017, he had a negative chest x-ray and his lungs were clear. Consistent with the consultative examination findings, a physical examination in October 2017 revealed that Martin's lungs had equal breath sounds bilaterally and were clear to auscultation and percussion. Further, Dr. Saddler opined that Martin had no environmental limitations and could perform work at the light exertional level. And, while Martin did exhibit past respiratory symptoms, including at hospital presentations, non-medical evidence, as the Commissioner points out, appears to support the description of the same as "intermittent and mild." For example, Martin stated at his

consultative examination that he had breathing problems for more than 20 years prior, yet the record reveals Martin worked in heavy and very heavy occupations within the last 15 years. Also, the record shows that Martin continued to smoke up to a pack of cigarettes per day through, at least, February 2018, and he never filled the prescription for albuterol given by the emergency department physician during his February 2018 hospital visit.

In short, a reasonable mind may find the record evidence adequate to support the ALJ's RFC assessment, and accordingly, the ALJ's assessment is supported by substantial evidence.

### A Second Consultive Exam

Martin argues that the ALJ reversibly erred when he declined to order a second consultative examination after Dr. Callaghan, who performed an exam on Jan 27,2017, stated Martin "would probably benefit from neck x-rays as well as low back and hip x-rays." The regulations, as the commissioner notes, however, require that the claimant submit medical evidence establishing his impairments and his RFC. *See* 20 C.F.R. §§ 404.1512(a), 404.1545(a)(3), 416.912(a), 416.945(a)(3). If the claimant fails to produce evidence, the ALJ is entitled to make a decision based on the information available, so long as his decision is an informed decision based on sufficient facts. *See* 20 C.F.R. §§ 404.1516 416.916; *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). There is no burden on the Commissioner to prove that a claimant's alleged impairments or limitations are absent. *See Hames*, 707 F.2d at 165. The law does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision." *Gutierrez v. Barnhart*, 2005 U.S.

3

App. LEXIS 17610, at *23 (5th Cir. 2005). Martin has not shown that the record was insufficient for the ALJ to make an "informed decision based on sufficient facts," or that a second consultative examination was necessary to develop evidence that he was unable to obtain.

Indeed, Dr. Saddler reviewed Dr. Callaghan's consultive report, including the comment on which Martin's argument hinges, and nevertheless concluded that Martin could perform a full range of light work, and State agency physician Carol Kossman, M.D., also reviewed Martin's record, and on May 10, 2017, opined that another consultative examination was not required, and that Dr. Saddler's assessment was correct.

In addition, Martin has not demonstrated he was prejudiced by the fact that the ALJ did not obtain an additional consultative examination. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (even if the claimant can establish some failure in the record development, courts will not reverse the ALJ's decision unless the claimant shows that he or she was prejudiced by the ALJ's failure). To establish prejudice under these circumstances, "a claimant must demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" *Id.* Here, Martin has provided nothing beyond mere speculation that an additional consultative examination might benefit his claim. In fact, while Martin sought access to medical care during the time period at issue by seeking treatment for complaints of thumb pain and breathing problems, he did not seek further care for his neck, low back, or hips.

## Conclusion

Because a reasonable mind can accept the record evidence as adequate to support the ALJ's RFC assessment, the ALJ's decision is supported by substantial evidence and no legal

error, prejudicial or otherwise, has been demonstrated. Accordingly, the Court will affirm the ALJ's determination that Martin was not disabled before May 30, 2018, but was disabled on and after that date.

**SO ORDERED**, this the 26th day of March, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**